UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                  :
INTEGRITY STAINLESS CORP.,           :        CASE NO. 1:08-CV-2560
                                                  :
            Plaintiff,                          :
                                                  :
vs.                                               :        ORDER & OPINION
                                                  :        [Resolving Doc. No. 13]
KEYSTONE SURPLUS METALS, INC,  :
      ET AL,                                    :
                                                  :
            Defendants.                       :
                                                  :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

        Defendants Keystone Surplus Metals, Inc. ("Keystone"), Albert Kauffman, and Scott Fine

move this Court to reconsider its order granting the Plaintiff's motion to lift the imposed stay and

reopen this case against Defendants Kauffman and Fine.  [Doc. 13.] Plaintiff Integrity Stainless

Corporation ("Integrity Stainless") opposes the Defendants' motion.  [Doc. 14.]  For the reasons

discussed below, the Court **DENIES** the Defendants' motion for reconsideration.

## I. Background

        On September 22, 2008, Plaintiff Integrity Stainless Corporation filed this complaint in state

court. [Doc. 1, Ex. A.] Defendants Keystone, Kauffman, and Fine removed the case to this Court on

October 29, 2008. [Doc. 1.] In the intervening period, Defendant Keystone had filed a petition for

relief under Chapter 11 of the U.S. Code on October 3, 2008. [*See* Doc. 6.]  Consequently, on

December 15, 2008, the Court ordered a stay and closing of the case pursuant to the automatic stay

provision of 11 U.S.C. § 362. [Doc. 8.]

        Plaintiff Integrity Stainless then filed a motion to lift the stay and reopen the case as to the

individual Defendants Kauffman and Fine. [Doc. 10.] The Plaintiff argued that its fraud claims

-1-

Case No. 1:08-CV-2560
Gwin, J.

against Kauffman and Fine were brought personally and individually, and that those claims are separate and apart from the Plaintiff's claims against Defendant Keystone. The Court then lifted the stay as to only Defendants Kauffman and Fine. [Doc. 12.]

All the Defendants then filed the instant motion for reconsideration of the order granting the Plaintiff's motion to lift the stay and reopen the case as to the individual Defendants. [Doc. 13.] In support of the motion, the Defendants argue that Defendant Keystone is inextricably linked to the claims against the individual Defendants and will necessarily be required to participate in the litigation to protect its interests. The Defendants assert that Keystone must indemnify and defend the individual defendants for their acts as corporate officers, that Keystone could be subject to vicarious liability for such acts, that discovery will involve Keystone documents and personnel, and that any findings may have preclusive effect. Further, the Defendants argue that proceeding with actions against Defendants Kauffman and Fine will divert substantial time and resources from Keystone's reorganization efforts.

In its response opposing the motion for reconsideration, the Plaintiff argues that a stay against a non-bankrupt co-defendant should be an extraordinary measure only applied in unusual circumstances, such as absolute indemnity. [Doc. 14.] The Plaintiff contends that no such unusual circumstances exist here. Because the Plaintiff brings personal claims for fraud against Defendants Kauffman and Fine, the individual Defendants can be held independently liable for their actions and so are not identical to Defendant Keystone. As a result, the Plaintiff argues that the § 362 automatic stay should not extend to the individual Defendants.

**II. Legal Standard**

A bankruptcy petition operates as an automatic stay of "the commencement or continuation

Case No. 1:08-CV-2560
Gwin, J.

. . . of a judicial, administrative, or other action or proceeding against the debtor . . . ." 11 U.S.C. § 362(a)(1). According to the Sixth Circuit, an automatic stay under 11 U.S.C. § 362 should only be extended to halt proceedings against solvent co-defendants in "unusual circumstances." *In re Delta Air Lines*, 310 F.3d 953, 956 (6th Cir. 2002) (citing *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 314 (6th Cir. 2000)). Following the logic of the Fourth Circuit's decision in *A.H. Robbins, Inc., v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986), the Sixth Circuit has found that sufficiently unusual circumstances exist where "a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *Am. Imaging Serv., Inc. v. Eagle-Picher Indus., Inc. (In re Eagle-Picher Indus., Inc.)*, 963 F.2d 855, 858 (6th Cir. 1992) (quoting *A.H. Robbins*, 788 F.2d 1008). One example of such a situation is where the third-party defendant is entitled to absolute indemnity by the debtor. *Id.* Various courts have found that the automatic stay should not be extended to solvent co-defendants where the co-defendants may be held liable independently of the debtor. *See Plessey Precision Metals, Inc., v. Metal Ctr. (In re Metal Ctr.)*, 31 B.R. 458, 462 (Bankr. D. Conn. 1983); *In re Crazy Eddie Sec. Litig.*, 104 B.R. 582, 583-84 (E.D.N.Y. 1989); *Duval v. Gleason*, 1990 WL 261364, at *4 (N.D. Cal. Oct. 19, 1990).

### III. Analysis

Defendants Keystone, Kauffman, and Fine assert that Defendant Keystone will "inevitably be required to participate in this litigation to protect its interests." [Doc. 13 at 3.] The Defendants state, but do not provide evidence demonstrating, that Keystone must indemnify and defend the individual Defendants for their acts as corporate officers. Further, the Defendants argue that lifting the stay and proceeding with the case against Defendants Kauffman and Fine will interfere with Keystone's reorganization, but they similarly provide no evidence of that. Instead, the Defendants rely on vague

-3-

Case No. 1:08-CV-2560
Gwin, J.

assertions that because Keystone will necessarily invest time and resources into the action against its officers, its reorganization efforts will be hampered.

Plaintiff Integrity Stainless Corporation brings claims against Defendants Kauffman and Fine for their individual fraudulent conduct, for which they are independently liable. The Defendants have provided no evidence of "unusual circumstances" sufficient to justify the extension of the automatic stay to the non-bankrupt co-defendants, Defendants Kauffman and Fine.

### IV. Conclusion

For the foregoing reasons, the Court **DENIES** the Defendants' motion for reconsideration of the Court's previous order lifting the stay and reopening the case against the individual Defendants. [Doc. 13.]

IT IS SO ORDERED.

Dated: February 13, 2009                           s/        *James S. Gwin*
                                                   JAMES S. GWIN
                                                   UNITED STATES DISTRICT JUDGE